# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 114-066 |
| | * | |
| PERRY EDWARD HALLMAN | * | |

### O R D E R

Presently before the Court is Defendant's filing, titled "Jail Credit Not Awarded to Defendant." (Doc. 30.) Defendant asks this Court to assist him "get [h]is jail credits from: June 4, 2014 to February 27, 2014." (Id. at 1.) Defendant represents that he attempted to resolve this issue within the Bureau of Prisons ("BOP"). Specifically, he "asked the records office . . . at FCI Estill, [and his] case manager" about the Court's judgment, and he received a sentence computation record in return, which indicates his "Total Prior Credit Time" is zero. (Id. at 1-2, 5.)

The BOP, and not this Court, has exclusive authority to determine if a defendant should receive credit for time spent in custody prior to the commencement of a federal sentence. See United States v. Nettles, No. CR 09-00014, 2010 WL 5421340, at *1 (S.D. Ala. Dec. 27, 2010) (citing United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Such a motion is only properly before this Court pursuant to 28 U.S.C. § 2241

following the exhaustion of administrative remedies. <u>United States v. Edwards</u>, 545 F. App'x 891, 893 (11th Cir. 2013) (per curiam). Indeed, "the granting of credit for time served is in the first instance an administrative, not a judicial, function[.]" <u>United States v. Flanagan</u>, 868 F.2d 1544, 1546 (11th Cir. 1989).

Although Defendant indicates that he has spoken to the BOP regarding this issue, it appears that he has failed to exhaust his administrative remedies. The BOP has a four-step procedure in this regard. 28 C.F.R. §§ 542.10 *et seq.*; <u>Gibson v. Apker</u>, No. 5:13-HC-2047, 2014 WL 457697, *1 (E.D.N.C. Feb. 4, 2014). First, the inmate must present his issue to the staff for informal review. 28 C.F.R. § 542.13. If unsuccessful, the inmate then may submit a formal written request to the warden using a BP-9 form. <u>Id.</u> § 542.14. If dissatisfied with that response, the inmate then may appeal to the BOP's regional director with a BP-10 form, and then to the BOP's General Counsel with a BP-11 form. <u>Id.</u> § 542.15.

Moreover, even if the Court were to liberally construe Defendant's filing as a § 2241 petition, it must be dismissed for lack of jurisdiction because Defendant did not bring it in the district in which he is incarcerated — the District of South Carolina. See <u>United States v. Pruitt</u>, 417 F. App'x 903, 904 (11th Cir. 2011) ("A petition for writ of habeas corpus pursuant to § 2241 may be brought only in the district court for the

2

district in which the inmate is incarcerated.")(citation and internal quotation marks omitted).

Defendant's motion, therefore, is **DENIED**. (Doc. 30.) Nevertheless, the Court notes that it initially was unable to locate Defendant in the BOP system so as to serve him with the judgment. Accordingly, the Court **DIRECTS** the **CLERK** to mail a copy of Document 28 to Defendant at the following address:

> Perry Hallman - Reg. # 18988-021
> Federal Correctional Institution
> P.O. Box 699
> Estill, SC 29918

**ORDER ENTERED** at Augusta, Georgia, this 10th day of August, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA